UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

)
BENJAMIN CLAY, JR.,                          )
                                             )
          Plaintiff,                         )
                                             )
v.                                           )          Civil Action No. 12-11526-DJC
                                             )
JANE/JOHN DOE, et al.,                       )
                                             )
          Defendants.                        )
_____)

REPORT AND RECOMMENDATIONS ON DEFENDANT
SUFFOLK COUNTY SHERIFF DEPARTMENT'S MOTION TO DISMISS
AND ORDER ON OTHER PENDING MOTIONS

July 23, 2013

SOROKIN, C.M.J.

Pro se Plaintiff Benjamin Clay, Jr. has brought a civil rights action for money damages

pursuant to 42 U.S.C. § 1983 against the Cities of Dedham and Boston, and against various

John/Dane Doe Defendants (an unidentified attorney, as well as unidentified Dedham police

officers and corrections officers employed at the Suffolk County House of Corrections).  Docket

# 1.

The gravamen of Clay's Complaint is that in approximately May, 2012, two investigators

employed by the Suffolk County Sheriff Department took a statement from Clay at the Suffolk

County House of Corrections in which he identified by name a previously-unknown individual

(Rodney Black) then being sought by the Dedham Police Department in connection with a purse

snatching.  Id. at ¶¶ 11-12, 14.  The information given by Clay was subsequently transmitted to

the Dedham Police Department, without protecting Clay's identity.  Id. at ¶ 13.  The Dedham

police investigators included Clay's name in their Incident Report, thereby jeopardizing Clay's safety when Black was later arrested and incarcerated with Clay at the Suffolk County House of Corrections.  Id. at ¶¶ 14-15.  Black had in his possession while incarcerated a copy of the Dedham Police Department Incident Report naming Clay, which Clay alleges was improperly provided to Black by his attorney.  Id. at ¶ 14, 17.  Clay was placed in protective custody, and does not appear to allege that any physical harm resulted to him from the disclosure.  Id. at ¶ 14.  Clay seeks money damages for emotional distress as well as punitive damages.  Docket # 1.  He does not seek any form of injunctive or equitable relief.  Id.

Pending are: (1) the pro se Plaintiff Benjamin Clay, Jr.'s Motion to Amend the Complaint (Docket # 18); (2) Defendant Suffolk County Sheriff Department's Motion to Dismiss pursuant to Fed. R. Civ. P. 12 (Docket # 20); and, (3) Clay's Motion for Discovery (Docket # 24).

For the following reasons, Clay's Motion to Amend is ALLOWED, his Motion for Discovery is DENIED, WITHOUT PREJUDICE.   In addition, I RECOMMEND that the Court ALLOW the Sheriff Department's Motion to Dismiss.

**Clay's Motion to Amend** (Docket # 18)

Clay has filed an Amended Complaint, which he titled "Motion of Amendment of Complaint and Supplemental Pleadings."  Docket # 18.  Fed. R. Civ. P. 15 provides that Clay may amend a pleading once as a matter of course within twenty-one days after the service of a responsive pleading (where, as is the case with Clay's Complaint, the pleading is one to which a responsive pleading is required).  Fed. R. Civ. P. 15(b).  A motion to dismiss is not itself a "responsive pleading" within the meaning of Rule 15.  See Kuehl v. F.D.I.C., 8 F.3d 905, 907 n.4 (1st Cir.1993) (" It is well established in this circuit that motions to dismiss are not

responsive pleadings").  To date, the only defendant who has appeared in this case is the Suffolk

County Sheriff's Department, whose motion to dismiss is considered, <u>infra</u>.  Thus, because no

defendant has yet made a responsive pleading, Clay does not require the permission of the Court

in order to amend his Complaint and his motion is unnecessary.

The Motion to Amend is ALLOWED and it is ORDERED that the Clerk shall docket

Clay's Proposed Amended Complaint (Docket # 18) as the Plaintiff's First Amended

Complaint.[1]

### Clay's Motion for Discovery (Docket # 24)

On January 23, 2013, Clay also moved for exploratory discovery pursuant to Fed. R. Civ.

P. 26, seeking to discover the true names of the two Sheriff's investigators who conducted the

interview of him.  Docket # 24.

In his Amended Complaint, however, Clay has named these two investigators (who were

previously identified in the Complaint as John/Jane Doe).  Docket # 18.   In the Amended

Complaint, Clay alleges that, "[t]he two staff and employees of the Sheriffs (S.I.D.) security

department an [sic] MR. JOHN SPANELLI AND MRS. CARRIE CATENSARO DID conduct

an interview with the Plaintiff . . ." Docket # 18 at ¶ 3 (emphasis in original).  Clay also seeks a

copy of the Dedham Police Incident Report referred to in the Complaint.  Docket # 24.

The motion is DENIED, WITHOUT PREJUDICE to its renewal at a later date.   The

motion appears to be moot with respect to the identity of the Sheriff's investigators, who are

---

[1] The differences between the Complaint and the First Amended Complaint (which are almost exclusively the addition of the names of Defendants previously identified as Doe defendants) do not bear upon the basis of the Sheriff Department's Motion to Dismiss.  <u>See,</u> <u>infra</u>.

named as defendants by Clay in the Amended Complaint.[2]  The Incident Report may be

discovered via a Rule 34 Request for Production of Documents when/if Defendants have

appeared and discovery commences (or by a Rule 45 subpoena directed to third parties, if

necessary).  Moreover, this motion is substantially similar to the Motion To Produce previously

denied by the Court.  <u>See</u> Docket # 17 ("This motion is a request of documents pursuant to Fed.

R. Civ. P.  34. It should be directed to the parties (and counsel for the parties) after service of the

complaint has been effected on the defendants").

**<u>Suffolk County Sheriff Department's Motion to Dismiss</u>** (Docket # 20)

Both the Complaint and the Amended Complaint name as a defendant Andrea Cabral,

individually and in her capacity as Suffolk County Sheriff.  Docket #s 1, 18.  The Amended

Complaint also identifies by name Sheriff's Department employees Spanelli and Catensaro,

again bringing claims against them both individually and in their official capacities.  Docket #

18.

The docket does not reflect service upon Cabral individually, but rather upon the

Sheriff's Department itself via the City Clerk at Boston City Hall.  <u>See</u> Docket # 17.  The

Suffolk County Sheriff's Department (representing Cabral in her official capacity)[3] moves to

---

[2]  Clay is reminded that his signature on the Amended Complaint is a representation to the Court that the factual contentions of paragraph three (identifying Spanelli and Catensaro as the investigators) have evidentiary support. <u>See</u> Fed. R. Civ. P. 11.

[3]  A suit against an individual in her official capacity (here Cabral) is merely another way of pleading an action against the governmental entity employing that official (here, the Suffolk County Sheriff's Department). <u>See</u>, <u>Kentucky v. Graham</u>, 473 U.S. 159, 166-67 (1985) (citing <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 690, n. 55 (1978)).  As noted <u>supra</u>, Cabral has not been served with respect to the individual capacity suit (and the purported basis for such individual liability is in any event not readily apparent in either the Complaint or Amended Complaint). <u>See</u>, <u>e.g.</u>, <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009) ("Because

dismiss the Complaint, asserting: (1) improper service; and (2) that even if the deficiency of service were corrected, the Complaint would fail to state a claim upon which relief could be granted against it under Fed. R. Civ. P. 12 (b)(6) because claims against the Sheriff's Department for money damages are barred by the Eleventh Amendment.  Docket # 20.

To survive a motion to dismiss under Rule 12(b)(6),[4] a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court "must accept all well-pleaded facts alleged in the Complaint as true and draw all reasonable inferences in favor of the plaintiff." Watterson v. Page, 987 F.2d 1, 3 (1st Cir.1993).  This "highly deferential" standard of review "does not mean, however, that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir.1992).  Dismissal for failure to state a claim is appropriate when the pleadings fail to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir.1997)(quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir.1988) (internal quotation marks omitted). The tenet that a court must accept as true all of the allegations contained in a complaint is

---

vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution") (emphasis added).  Thus Cabral stands in a different posture than Spanelli and Catensaro with respect to individual capacity liability, although none have been served.

[4] Because the Court concludes that the Complaint and Amended Complaint fail to state a claim against the Sheriff's Department's employees in their official capacities, it is not necessary to consider the adequacy of the service of the original Complaint.

inapplicable to legal conclusions. Iqbal, 556 U.S. at 678.  Threadbare recitals of the elements of

a cause of action, supported by mere conclusory statements, do not suffice.  Id.  The Court's

assessment of the pleadings is "context-specific," requiring "the reviewing court to draw on its

judicial experience and common sense." Maldonado v. Fontanes, 568 F.3d 263, 269 (1st

Cir.2009)(quoting Iqbal, 556 U.S. at 663-64). "[W]here the well-pleaded facts do not permit the

court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has

not 'show[n]' – 'that the pleader is entitled to relief." Id.

Neither the Complaint nor the Amended Complaint state a claim against Cabral (nor

against Spanelli and Catensaro, who have yet to be served) in their official capacities.  Such

claims, for monetary damages, are barred by the Eleventh Amendment. See Kentucky v.

Graham, 473 U.S. 159, 169 (1985).  The U.S. Supreme Court has consistently held that an

unconsenting state is immune from suits brought in a federal court by its own citizens or by

citizens of another state.  Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267-268 (1997);

Edelman v. Jordan, 415 U.S. 651, 657 (1974).  This immunity extends to any entity that is an

arm of the state.  Wojcik v. Massachusetts State Lottery Com'n, 300 F.3d 92, 99 (1st Cir.2002).

Because of this Eleventh Amendment immunity, although municipalities and other local

government units are 'persons' within the meaning of 42 U.S.C. § 1983 (Monell v. New York

City Dept. of Social Servs., 436 U.S. 658, 690 (1978)), states are not.  Will v. Michigan Dept. of

State Police, 491 U.S. 58, 66 (1989).  The Suffolk County Sheriff's Department is (as of January

1, 2010) an agency of the Commonwealth of Massachusetts, and the Commonwealth has not

waived the sovereign immunity with respect to claims against the Suffolk County Sheriff's

Department, which are barred.  See Maraj v. Massachusetts, 836 F.Supp.2d 17, 25 (D.Mass. Dec.

13, 2011) (Tauro, J.) (citing Mass. St.2009, c. 61, § 6); Cf., Broner v. Flynn, 311 F.Supp.2d 227,

233 (D.Mass. Mar. 31, 2004) (Swartwood, M.J.) (official capacity claim against Worcester

County Sheriff barred by Eleventh Amendment); Kelley v. DiPaola, 379 F.Supp.2d 96, 100

(D.Mass. Jul. 13, 2005) (Gorton, J.) (same with respect to Middlesex County); Christoforo v.

Lupo, 2005 WL 3037076 at *3 n. 3 (D.Mass. Nov. 14, 2005) (Stearns, J.) (same with respect to

Essex County);   The events alleged by Clay all transpired after January 1, 2010.  Docket #s 1,

18.

 For the foregoing reasons, the Plaintiff's Motion to Amend (Docket # 18) is ALLOWED

and it is ORDERED that the Plaintiff's Proposed Amended Complaint (Docket # 18) shall be

docketed as the First Amended Complaint.   The Plaintiff's Motion for Discovery (Docket # 24)

is DENIED, WITHOUT PREJUDICE.

 Additionally, I RECOMMEND that the Court ALLOW the Motion to Dismiss of

Defendant Suffolk County Sheriff's Department (Docket # 20) and dismiss all official capacity

claims against Defendants Cabral, Spanelli and Catensaro in the First Amended Complaint.[5]

         /s / Leo T. Sorokin
       Chief United States Magistrate Judge

---

[5] The Parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within 14 days of receipt of this Report and Recommendation.  The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72 and Habeas Corpus Rule 8(b).  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir.1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir.1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir.1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir.1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir.1983); see also Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).